<u>NOT FOR PUBLICATION</u>                                              (Doc. No. 44)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SAMSUNG ELECTRONICS CO. LTD., INTERNATIONAL TRADE COMMISSION, and UNITED STATES INTERNATIONAL TRADE COMMISSION | : : : : : : | |
| Appellants, | : : | Civil No. 09-0836 (RBK) |
| v. | : : | **OPINION** |
| AD HOC CONSORTIUM OF FLOATING RATE NOTEHOLDERS, MASAO TAGUCHI, SPANSION INC., SPANSION JAPAN LIMITED, and OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | : : : : : : : : | Consolidated cases: Civ. No. 09-0835 Civ. No. 09-0837 Civ. No. 09-0838 Civ. No. 09-0850 Civ. No. 09-0851 Civ. No. 09-0875 |
| Appellees. | : : | Civ. No. 09-0876 |

**KUGLER**, United States District Judge:

This matter arises out of eight appeals generated by two orders of the United States

Bankruptcy Court for the District of Delaware (dated October 1, 2009 and October 15, 2009),

orders which stayed proceedings before the International Trade Commission ("ITC"). Presently

pending is what the Court construes as a motion to vacate by the United States International

Trade Commission ("US ITC") (Doc. No. 44). For the reasons discussed below, the Motion is

granted and the October 1 and October 15 orders are vacated.

## I.      BACKGROUND

As the parties are familiar with the relevant facts, the background presented here is

limited to those details essential to the pending motion.

On October 1, 2009 and October 15, 2009, the United States Bankruptcy Court for the District of Delaware, Chief Judge Kevin J. Carey presiding, entered orders enforcing the automatic stay under 11 U.S.C. § 362 against Samsung Electronic Co. Ltd's action before the ITC. In November 2009, each of those respective orders generated four appeals (for a total of eight) filed by Samsung (Civ. No. 09-836, 09-838 (Oct. 1 order); Civ. No. 09-850, 09-851 (Oct. 15 order)) and the US ITC (Civ. No. 09-835, 09-837 (Oct. 1 order); Civ. No. 09-875, 09-8736 (Oct. 15 order)). This Court consolidated the appeals on January 7, 2010. See Doc. No. 30.

During the pendency of these appeals, however, the Bankruptcy Court issued a third order with respect to the stay of the ITC proceedings. In particular, on January 28, 2010, Chief Judge Carey entered an order pursuant to a stipulation by and between the debtors/debtors-in-possession and Samsung, which in relevant part ordered that the stay order in the Chapter 15 case would terminate upon the earliest of three events: 1) a further order of the Bankruptcy Court, 2) the final approval of Spansion Japan Limited's plan of reorganization in its Japanese insolvency proceeding, or 3) April 30, 2010. The parties further stipulated that the stay in the Chapter 11 case would terminate upon the effective date of the plan. On May 12, 2010, the Chapter 11 Debtors filed the Notice of Occurrence of the Effective Date, which established May 10, 2010 as the effective date of the plan.

Pursuant to a letter dated May 14, 2010, counsel for Spansion Japan Limited notified the Court that because of the intervening January 28th order and the effective date, the appeals were in effect moot. On June 10, 2010, counsel for the US ITC filed a responsive letter, suggesting that some portion of the appeals remain active while the Chapter 15 proceedings continue.

2

Counsel also suggested that regardless of the status of the appeal, the Court must address "the terms of dismissal in light of <u>Alvarez v. Smith</u>, 130 S. Ct. 576 (2009)." <u>See</u> Doc. No. 43. The Court held a phone conference with the parties on June 17, 2010 and granted the US ITC leave to file a brief addressing its concerns. Subsequently, the US ITC filed a letter brief conceding that perhaps the appeals are moot. <u>See</u> Doc. No. 44 at 3. Nevertheless, the US ITC requested that it be granted vacatur of the Bankruptcy Court's Order.[1] Counsel for Spansion Japan Limited responded via letter that it had no position on whether vacatur should be granted. <u>See</u> Doc. No. 45.

## II.   DISCUSSION

The analysis must begin with the clear conclusion that the US ITC at times does not fully acknowledge: The present appeals are moot. The only issue originally before this Court on appeal was whether the ITC proceedings were properly stayed. <u>See, e.g.</u> Civ. No. 09-0836, Doc. 1 (notice of appeal). Once the orders effecting the stay lapsed, either through the passage of time or through the effective date of the plan, no case or controversy existed for resolution. <u>See</u> <u>Alvarez v. Smith</u>, 130 S. Ct. 576, 580 (2009) (holding Constitution only permits court to hear cases or controversies); <u>Pichler v. UNITE</u>, 542 F.3d 380, 390 (3d Cir. 2008) (same). While the US ITC in particular maintains that the stay issue is capable of re-emerging in the Chapter 15 case, <u>see</u> Doc. No. 44 at 3, that possibility amounts to less than actual or threatened harm such that this Court can continue to entertain the appeal. <u>See</u> <u>Alvarez</u>, 130 S. Ct. at 580-81 ("[A]

---

[1] The US ITC also requested that this Court enter an order stating that no further stays of the ITC investigation be permitted in the remaining bankruptcy proceedings. <u>See</u> Doc. No. 44 at 3. The US ITC did not, however, point to any authority for such an extraordinary order, and this Court is aware of none. Thus, no such order shall issue.

dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases" and 'Controversies.'"). A federal court cannot issue an opinion where a party merely faces the prospect that someday harm might occur. Pichler, 542 F.3d at 390 (holding Article III court prohibited from issuing advisory opinions). Therefore, the present appeals are moot and the Court cannot pass on the merits. But this does not conclude the matter.

Even where an appeal is otherwise moot, a court of appellate jurisdiction may vacate the judgment or order before the court on review. Alvarez, 130 S. Ct. at 581; U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 22 (1994); see also 28 U.S.C. § 2106. Vacating a lower court's judgment in a moot case is appropriate because it "'clears the path for further relitigation of issues between the parties'" and preserves the parties' rights. Alvarez, 130 S. Ct. at 581 (quoting U.S. v. Munsingwear, 340 U.S. 36, 40 (1950)). Vacating is proper where 1) there has been no voluntary action by the parties and the appeal has become moot through mere "happenstance," or 2) where the appeal has become moot because of action by the prevailing party below. U.S. Bancorp, 513 U.S. at 24-25. The principal question with vacatur is whether the appeal has become moot because of voluntary action by the party seeking relief. Id. at 24. The quintessential voluntary act that moots an appeal is settlement. See Alvarez, 130 S. Ct. at 581; U.S. Bancorp, 513 U.S. at 25.

In the present dispute the Court finds that the October 1 and October 15 orders should be vacated. While the Bankruptcy Court's first order arose from a stipulation, which is akin to a settlement, the US ITC was seemingly not a party to that stipulation. Thus, the US ITC took no voluntary act that caused the mootness of these appeals; it did nothing to forfeit its rights. See

4

U.S. Bancorp, 513 U.S. at 25.  The appeals only became moot through happenstance: the passage of time and the effective date of the plan.  Therefore, the Court finds that vacating the orders underlying these moot appeals is appropriate.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the US ITC's Motion to Vacate and the October 1 and October 15 orders are **VACATED**.  These appeals are **DISMISSED** as moot.  An appropriate Order shall follow.

Date: 6-29-10

ROBERT B. KUGLER
United States District Judge

5